

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 29, 1952

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas

Opinion No. V-1440

Re: Several questions relating
to the Texas Motor Vehicle
Safety-Responsibility Act.

Dear Col. Garrison:

Your request for an opinion of this office states:

"Reference is made to House Bill 219,
Acts 52nd Legislature, Regular Session, 1951,
Texas Motor Vehicle Safety-Responsibility
Act. /Art. 6701h, V.C.S./

"I.

"Article III, Section 4, of the cited
Act requires a report to be made by 'the
operator of every motor vehicle which is in
any manner involved in an accident within
this State in which any person is killed or
injured' or in which certain specified property
damage occurs.

"The term 'accident' is not defined in
the Act. What does 'accident' as used in the
Act mean? Is it an 'accident,' under the Act,
when a vehicle on privately owned property,
and not on a 'highway,' is involved in an act
in which death or bodily injury is suffered
by some person, or where sufficient property
damage results?

"Does an 'accident' take place when some
passenger of a vehicle suddenly falls with re-
sultant injuries when there is no collision
with another vehicle, or with a pedestrian,
or with some fixed object? Should an accident
report be required of the operator of a bus
operated under a city franchise when a person
falls from the bus as it unloads passengers?

"II.

"Art. III, Section 11, of the cited Act provides:

"'Neither the report required by Section 4, the action taken by the Department, pursuant to this Article, the findings, if any, of the Department upon which such action is based, nor the security filed as provided in this article shall be referred to in any way, nor be any evidence of the negligence or due care of either party, at the trial of an action at law to recover damages.'

"Does the above quoted section mean that the matters referred to are 'confidential' and not to be divulged? Is there a conflict between Sec. 11 and Sections 3 and 36 which provide for the furnishing of certain information upon application accompanied by the required statutory fees?

"What records shall be furnished and what records shall not be furnished? Specifically, should we inform one who seeks such information data on the form and amount of security deposited by a person under the provisions of Sec. 9 of the Act, regardless of whether or not the recipient of such information could present the data in evidence?

"In connection with accident reports, reference is made to Sections 39 and 42, Art. 6687b, V.C.S., and to Sections 44 through 49 of Article 6701d, V.C.S.

"III.

"The last sentence of Sec. 36 of the cited Act provides:

"'. . . Statutory fees required by the Highway Department in furnishing certified abstracts or in connection with suspension of registrations, or such statutory fees which shall become due the State Treasurer for issuance of certificates of deposit required in Section 25, shall be remitted from such Fund.'

"What is the amount of the statutory fee
required to be paid the Highway Department
for furnishing certified abstracts?

"What is the amount of the statutory fee,
if any, required to be paid the Highway De-
partment 'in connection with suspension of
registrations'?

"What is the amount of the statutory fee
required to be paid the State Treasurer for
issuing a certificate of deposit as required
in Section 25 of the Act?"

The caption of the Texas Motor Vehicle Safety-
Responsibility Act, Article 6701h, V.C.S. (H.B. 219, Acts
52nd Leg., R.S. 1951, ch. 498, p. 1210), as well as the
emergency clause, contains language to show the general
scope and purpose of this enactment.

The caption reads in part:

"An Act to encourage safer use of motor
vehicles on the streets and highways of
Texas . . ."

The emergency clause provides in part as fol-
lows:

"The fact that thousands of motor vehi-
cles are being operated on the highways of
Texas by financially irresponsible owners and
drivers who are causing untold loss of life
and property and who are failing to pay for
the damages thus caused, . . ."

If a motor vehicle is involved in an accident in
which any person is killed or injured or which results in
damage to property over a certain specified amount, the
operator is required to make a written report to the De-
partment of Public Safety. Upon failure to meet certain
requirements, the privilege of operating or registering
motor vehicles will be suspended unless and until the
operator or owner of the motor vehicle furnishes proof of
financial responsibility.

It is not necessary to register a motor vehicle
under the provisions of Article 6675a-2, V.C.S., unless
it is used or is to be used upon the public highways of

this State.  Likewise, Article 6687b, V.C.S., requires a license as an operator, a commercial operator, or a chauffeur only for operation of a motor vehicle upon a highway in this State.

The term "highway" is defined in Section 1 of Article 6701h as follows:

"'Highway' means the entire width between property lines of any road, street, way, thoroughfare, or bridge in the State of Texas not privately owned or controlled, when any part thereof is open to the public for vehicular traffic and over which the State has legislative jurisdiction under its police power."

Article 6701h does not specifically limit "accidents" to those occurring on highways but, in view of the general purpose and scheme of the act, it is reasonable to assume that the Legislature intended to require a report and to make applicable the resultant suspension of the privileges only if the accident occurred on a "highway" as that term is defined therein.  To require an operator of a motor vehicle involved in an accident which occurs on property that is privately owned or controlled to comply with the act would be inconsistent with the general purpose of the Texas Motor Vehicle Safety-Responsibility Act, as indicated in the caption and emergency clause, and would extend the State's concern with motor vehicle operations beyond prevailing concepts of the public interest.

We are advised that the Department of Public Safety has not required the accident reports provided for by Articles 6687b and 6701d, V.C.S., unless the accident occurs on a highway.  The wording in those statutes which requires the filing of a report if a vehicle is involved in an accident is similar to that in the Texas Motor Vehicle Safety-Responsibility Act.  We are of the opinion that the same construction should be made as to the latter act.

You are accordingly advised that it is our opinion that an accident report is not required under Article 6701h, V.C.S., unless the accident occurs on a highway, as that term is defined by the act.

In your request you set out several examples of situations in which a person receives injuries and you ask whether they are "accidents" within the meaning of the

act. The act does not require a collision with another vehicle, a pedestrian, or some fixed object in order for it to be an "accident." It would be impossible to cover every situation that would be an "accident," but generally speaking the word "accident" is a general term descriptive of an unusual, extraordinary, or unexpected event. See Barron v. Texas Employers Ins. Ass'n, 36 S.W.2d 464 (Tex. Comm. App. 1931). As used in Article 6701h, it means every such event which results in personal injury, death, or property damage of the prescribed amount, when a motor vehicle is "in any manner involved." See Sec. 4, Art. 6701h, V.C.S.

Your second question concerns the type of information to be furnished by the Department of Public Safety upon request and whether there is a conflict in this regard between Section 11 and Sections 3 and 36 of the act.

Article 6701h, Section 11, V.C.S., provides:

"Neither the report required by Section 4, the action taken by the Department pursuant to this Article, the findings, if any, of the Department upon which such action is based, nor the security filed as provided in this Article shall be referred to in any way, nor be any evidence of the negligence or due care of either party, at the trial of any action at law to recover damages."

Section 3 of that article reads:

"The Department shall, upon request and receipt of proper fees, furnish any person a certified abstract of the operating record of any person subject to the provisions of this Act, which abstract shall also fully designate the motor vehicles, if any, registered in the name of such person, and, if there shall be no record of any conviction of such person of violating any law relating to the operation of a motor vehicle or of any injury or damage caused by such person, the Department shall so certify."

Section 36 provides as follows:

"All fees and charges required by this
Act shall be remitted without deduction to
the Department at Austin, Texas, and all such
fees so collected shall be deposited in the
Treasury of the State of Texas to the credit
of the Operator's and Chauffeur's License Fund
established under Article 6687b, Texas Revised
Civil Statutes. In addition to statutory re-
cording fees of county clerks required in Sec-
tion 24, any filing with, certification or
notice to the Department in compliance with
any of the provisions of this Act, or request
for certified abstract of operating record re-
quired in Section 3, except report of accident
required in Section 4, shall be accompanied by
a fee of Five Dollars ($5) for each transac-
tion. Statutory fees required by the State
Highway Department in furnishing certified
abstracts or in connection with suspension
of registrations, or such statutory fees which
shall become due the State Treasurer for is-
suance of certificates of deposits required
in Section 25, shall be remitted from such
Fund."

We are of the opinion that there is no conflict
between the above-quoted provisions. The Legislature ob-
viously intended that the Department furnish the informa-
tion provided for in Section 3 upon request and receipt
of proper fees. Even though the information may not be
used in the trial of an action to recover damages, the mat-
ters referred to are not confidential. The provisions of
Sections 39 and 42 of Article 6687b, V.C.S., and of Sec-
tions 44 through 49 of Article 6701d, V.C.S., referred to
in your letter, provide that accident reports made in com-
pliance therewith are confidential except for certain
specified information. The Texas Motor Vehicle Safety-
Responsibility Act creates an exception to the above stat-
utes as to "operating records" and makes it the duty of
the Department to furnish the information upon proper re-
quest and payment of fees.

You are therefore advised that, upon request and
receipt of proper fees, you should furnish any person a
certified abstract of the operating record of any person
subject to the provisions of the act. This abstract should
designate the motor vehicles, if any, registered in the
name of the person and also should contain the record of
any conviction of such person of violating any law relat-
ing to the operation of a motor vehicle or of any injury

or damage caused by such person. We are unable to find anything in this act which would authorize the Department to furnish any more information contained in the accident report than you are authorized to reveal from the accident reports required by Articles 6687b and 6701d, V.C.S. However, the Department is authorized to advise the person requesting the information of the action taken by the Department, the type and amount of security filed, and any other matter in its possession by reason of a person's compliance with the provisions of this act.

In your third question, you request information regarding the disposition of fees required by the act and the amount to be remitted to the departments named in Section 36 of Article 6701h, V.C.S.

In answer to your specific questions, you are advised that the Legislature failed to set the amount of the fee to be remitted to the State Highway Department for the work done by that Department when registrations are suspended and to the State Treasurer for issuing a certificate of deposit as required in Section 25 of the act. In the absence of this "statutory fee," the State Highway Department and the State Treasurer are not entitled to receive any amount from the Operator's and Chauffeur's License Fund.

The Legislature also failed to provide a "statutory fee" to be paid the State Highway Department for furnishing certified abstracts designating the motor vehicles registered in the name of any person subject to the provisions of the act, and such Department is therefore not authorized to receive any fee for furnishing this material to the Department of Public Safety. These abstracts should contain a summary or a compilation of the essential material contained in the State Highway Department's record, and it is not necessary to furnish photostatic copies. If an individual desires photostats for his private use, he can request the Department to furnish them and pay the regular fees that the Department is authorized to charge. H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1433. Section 2 (a) of Article 6701h, V.C.S., authorizes the Department of Public Safety to make rules and regulations necessary for the administration of the act. The Department, therefore, in its discretion, may determine the most economical manner of preparing the material to be furnished as well as the information to be contained therein so long as its rules do not conflict with the provisions of the statute.

## SUMMARY

An accident report is not required by the provisions of the Motor Vehicle Safety-Responsibility Act (Art. 6701h, V.C.S.) unless the accident occurs on a "highway" as that term is defined by the act. A report is required of every unusual, extraordinary, or unexpected event occurring on a highway where an injury or death is sustained by a person or property is damaged in the amount designated when a motor vehicle is in any manner involved.

The Department of Public Safety is not authorized to furnish requesting parties any more information from the accident report than it is authorized to reveal from the reports required by Articles 6687b and 6701d, V.C.S.

The Legislature failed to provide a "statutory fee" to be remitted by the Department of Public Safety to the State Highway Department for furnishing certified abstracts of motor vehicle registration records, or to the State Treasurer for the issuance of certificates of deposit.

APPROVED:

Ned McDaniel
State Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

WSL:jmc

Yours very truly,

PRICE DANIEL
Attorney General

By William S. Lott

William S. Lott
Assistant